UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KATHERINE CONNER

VERSUS                                          CIVIL ACTION

STATE OF LOUISIANA, ET AL                       NUMBER 13-444-SDD-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, August 21, 2013.


STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KATHERINE CONNER

VERSUS                                          CIVIL ACTION

STATE OF LOUISIANA, ET AL                       NUMBER 13-444-SDD-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Katherine Conner.

For the reasons which follow, the Petition should be dismissed as untimely.


**I. Background**

Petitioner was found guilty of one count of theft of a value of $500 or more in the Twentieth Judicial District Court for East Feliciana Parish, Louisiana. Petitioner was sentenced to three years imprisonment at hard labor. The trial court suspended the imprisonment term and imposed three years active supervised probation under specified conditions.

On direct appeal the petitioner asserted the following assignments of error:

1.  there was insufficient evidence to support her conviction; and,

2.  the trial court erred in ordering more restitution than

was supported by the record.

The Louisiana First Circuit Court of Appeal affirmed the petitioner's conviction and sentence. *State of Louisiana v. Katherine Conner,* 2010-1258 (La. App. 1st Cir. 3/25/11), 58 So.3d 1152 (Table). Petitioner sought review by the Louisiana Supreme Court, which denied review on October 14, 2011. *State of Louisiana v. Katherine Conner*, 2011-0836 (La. 10/14/11), 74 So.3d 218.

Petitioner did not file an application for post-conviction relief.[1]

On October 17, 2011, the petitioner filed a federal habeas corpus application urging six grounds for relief: (1) there was no probable cause for her arrest, (2) the purported victim was in fact the one who committed a criminal offense, (3) she was denied due process because there was no investigation, no preliminary hearing, and she was denied the right to present evidence at trial, (4) that the trial court imposed excessive fines and bail, (5) the trial court lacked jurisdiction because the alleged victim was an inhabitant of another state, and (6) she was denied equal protection because credence was given to the alleged victim's claims. *Katherine Conner v. State of Louisiana*, CV 12-653-BAJ-RLB. On March 15, 2013, a magistrate judge's report was submitted to the district judge recommending that the petitioner's federal habeas corpus application be dismissed for failure to exhaust available

---

[1] Record document number 1, Petition, p.3, ¶ 10.

2

state habeas corpus remedies.  Petitioner did not file an objection to the magistrate judge's report.  The matter is before the district judge pending ruling on the magistrate judge's report.

Petitioner filed this federal habeas corpus application on July 8, 2013, urging four grounds for relief: (1) she was denied due process because there was no investigation prior to her arrest and she was not allowed to present evidence at the preliminary hearing, (2) there was insufficient evidence to support her theft conviction, (3) the court lacked subject matter jurisdiction to resolve the civil dispute with the victim, and (4) the trial court imposed excessive bail and fines.

No evidentiary hearing is required.

## II. Applicable Law and Analysis

### A. Timeliness

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus.  The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral

review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.   A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998).   A court must look to state law to determine whether a state habeas application conforms to the state's procedural filing requirements. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009).

An application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120 (2001).   The limitations period under § 2244(d)(2) is not tolled during the pendency of a federal petition that is dismissed for failure to exhaust.   *Hayes v. Wilson*, 268 Fed.Appx. 344, 351 n. 7 (5th Cir. 2008).

Petitioner's conviction became final on January 12, 2012.[2] By

---

[2] For the purpose of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says finality occurs."). Normally that time expires 90 days after the state court of last resort enters its judgment. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). But when the defendant concludes his state-court direct appeal before it reaches (continued...)

the time the petitioner filed this second federal habeas corpus petition on July 5, 2013, the time for filing a federal habeas corpus application had already expired.   Petitioner's second federal habeas corpus Petition was not timely filed.

Petitioner's second federal habeas corpus Petition, filed almost 18 months after the one-year limitations period had expired, is untimely unless the petitioner establishes that there was a state-created impediment to timely filing a habeas corpus petition or that equitable tolling applies.

To establish a state-created impediment, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).   That is, the petitioner must show that the delay actually prevented him from

---

<sup>2</sup>(...continued)
the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*.   This federal rule applies even where state law provides that finality occurs on a different date. *Compare* La. Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law fourteen days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until the mandate has issued), *and id*. at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under AEDPA).

filing a § 2254 petition.  *See id.* at 436-37.  Petitioner did not allege a state-created impediment nor has she shown that there was any such impediment.

Nor is there any basis in the record for equitable tolling. The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000).  The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).  Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005).

Ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling. *Tate v. Parker*, 439 Fed.Appx. 375 **1 (5th Cir. 2011); *Felder v. Johnson*,

204 F.3d 168, 171-72 (5th Cir. 2000); *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th cir. 2000).  Claims of actual innocence do not "justify equitable tolling of the limitations period." *Cousin v. Lensing*, 310 F.3d 843, 849 (2002), *cert. denied* 539 U.S. 918, 123 S.Ct. 2277 (2003); *see also U.S. v. Riggs*, 314 F.3d 796, 800 n. 9 (5th Cir. 2002).  The one-year limitations period established by 28 U.S.C. § 2244(d) contains no exemption for a petitioner claiming actual innocence of the crime for which he was convicted.  *Cousin*, 310 F.3d at 849.

A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, August 21, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE