UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHERINE CONNER                   CIVIL ACTION

VERSUS                              NO. 13-444-SDD-SCR

STATE OF LOUISIANA, ET AL

## RULING

This matter is before the Court on the *Motion for Reconsideration*[1] filed by Plaintiff, Katherine Conner. Plaintiff asks the Court to reconsider its *Ruling*[2] adopting the *Report and Recommendations*[3] of the Magistrate Judge, and the *Order of Dismissal*.[4] The *Motion for Reconsideration* was filed within 28 days of the relevant ruling; thus, it is evaluated pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. "A Rule 59(e) motion calls into question the correctness of a judgment."[5] However, a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[6] Rather, a motion for reconsideration is for the purpose of correcting "manifest errors of law or fact or to present newly discovered

---

[1] Rec. Doc. No. 11.

[2] Rec. Doc. No. 8.

[3] Rec. Doc. No. 6.

[4] Rec. Doc. No. 10.

[5] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)(citation and quotations omitted).

[6] *Id.* at 479.

evidence."[7]

The Court previously held that Plaintiff's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus* was untimely. Plaintiff relies on *McQuiggin v. Perkins* wherein the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations."[8] However, the Supreme Court continued: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades a district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"[9] Prisoners asserting actual innocence as a gateway to federal habeas review must present "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence ... that was not presented at trial."[10]

In this case, Plaintiff has not presented "new evidence" of her actual innocence; rather, she continues to urge the same arguments and evidence made at her trial which were rejected by the state courts. Thus, the tolling exception set forth in *McQuiggin* is inapplicable to Plaintiff's claims.

---

[7] *Id.* (citations and quotations omitted).

[8] 133 S.Ct. 1924, 1928 (2013).

[9] *Id.*, quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

[10] *House v. Bell*, 547 U.S. 518, 537, 126 S.Ct. 2064, 2077 (2006) citing *Schlup v. Delo*, 513 U.S. at 299, 324–29.

Accordingly, Plaintiff's *Motion for Reconsideration*[11] is DENIED.

**IT IS SO ORDERED**.

Baton Rouge, Louisiana, this 2 day of December, 2013.

*Shelly Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[11] Rec. Doc. No. 11.